1  Richard Morin (SBN 285275)
2  Law Office of Rick Morin, PC
   500 Newport Center Drive Suite 610
3  Newport Beach, CA 92660
   Phone: (949) 996-3094
4  Email: legal@rickmorin.net

5  Attorney for Plaintiff

6

7

8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11 Piper Debbie Stultz,                    Case No.

12              Plaintiff,                 **COMPLAINT FOR DAMAGES AND
                                           INJUNCTIVE RELIEF**
13        v.

14 LB 4 Fish, LLC,                         **Jury Trial Demanded**

15              Defendant.

16

17        Piper Debbie Stultz ("Plaintiff") alleges the following:

18                           **INTRODUCTION**

19        Plaintiff brings this action against LB 4 Fish, LLC ("Defendant") for unlawfully and

20 intentionally discriminating against Plaintiff because of Plaintiff's disability and denying Plaintiff

21 equal access to the restaurant Gladstone's at 330 S Pine in Long Beach, California ("Gladstone's").

22                              **PARTIES**

23        1.    Plaintiff is a natural person. Plaintiff is and has been considered disabled.

24        2.    Defendant is California limited liability company with its principal address in Long

25 Beach, California. At all times relevant to this complaint, Defendant owned, managed, operated, and/or

26 otherwise was responsible for the Gladstone's restaurant at 330 S Pine in Long Beach, California.

27                      **JURISDICTION AND VENUE**

28        3.    The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331

LAW OFFICE OF
RICK MORIN

and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4.      Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that Gladstone's is in this district and Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

6.      Plaintiff is a 100% disabled American veteran.

7.      Plaintiff suffers from a disability and/or medical condition that is a disability.

8.      Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

9.      Plaintiff utilizes a service dog to help address the challenges resulting from Plaintiff's disability, which Plaintiff deals with on a daily basis.

10.     Among other things, Plaintiff's service animal was and is specifically trained to perform crowd control, alerts Plaintiff when someone approaches her from behind, guiding, deep pressure therapy, grounding, blocking, alerting Plaintiff regarding her glucose levels, heart rate, and cortisol levels, and behavior interruption.

11.     Plaintiff lives in Ventura County, California.

12.     On April 30, 2021, Plaintiff visited the Gladstone's located at 330 S Pine in Long Beach, California. Plaintiff went there with her husband and her service animal.

13.     Plaintiff and her husband wanted to dine at Gladstone's for their anniversary. They had spent the afternoon at the aquarium and were excited for a romantic anniversary dinner.

14.     Upon entering Gladstone's, Plaintiff headed to host stand.

15.     There, Plaintiff asked to be put on a waitlist for a table. A Gladstone's employee told Plaintiff that she would need to be seated outside because of the presence of her service animal.

16.     Plaintiff was initially startled by what she was told by the Gladstone's employee, but calmly tried to educate the host about the ADA and service animals. At this point, Gladstone's put Plaintiff on the waiting list for a table. Plaintiff was expecting a 30–45-minute wait.

17.     After a long wait, Plaintiff's husband went to check on the status of their table. There, Plaintiff's husband spoke with someone that identified themselves as a supervisor at, and later the owner of, the restaurant.

18.     Oddly, the supervisor/owner appeared to be recording his conversation with Plaintiff's husband.

19.     Plaintiff eventually joined her husband in the conversation with the supervisor.

20.     The supervisor/owner told Plaintiff that there was no patio seating available to which Plaintiff responded that she would prefer to sit inside.

21.     The supervisor/owner asked to see documentation regarding Plaintiff's service animal, which Plaintiff politely refused, and Plaintiff told the supervisor/owner that he was not allowed to ask for paperwork.

22.     Things got stranger from there. The Gladstone's supervisor/owner then told Plaintiff that her service dog was not wearing a vest and was not allowed in the restaurant.

23.     Plaintiff patiently told the supervisor/owner that no such vest was required. Plaintiff also tried to educate the supervisor/owner as to the two allowable questions under the ADA.

24.     After describing some of the specific tasks that Plaintiff's service dog was trained to perform, the supervisor/owner told Plaintiff that her service dog was not a valid service dog.

25.     Given that the interaction was causing Plaintiff considerable stress, coupled with Plaintiff's pressing need to eat, Plaintiff decided that she wanted to dine elsewhere.

26.     Plaintiff's husband continued to try to reason with the man but without any success. In fact, the supervisor/owner specifically told Plaintiff's husband that he was uncomfortable with Plaintiff's service dog being in the restaurant and that was the ultimate reason why he was denying Plaintiff service.

27.     Disgusted by the blatant discrimination she encountered at Gladstone, Plaintiff and her husband left.

28.     Plaintiff hopes that Gladstone will cease its illegal discriminatory conduct in the future so that she can visit the restaurant with husband and her service animal without fear of discrimination. //

### FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

29.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

30.     Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

31.     Gladstone is a public accommodation.

32.     Gladstone is a restaurant or other establishment serving food or drink, which affects commerce.

33.     The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

34.     Defendant has a policy that restricts and denies access to patrons like Plaintiff.

35.     Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

36.     As a result of Defendant's conduct, denying Plaintiff equal access to Gladstone, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to Gladstone.

37.     It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to Gladstone.

38.     Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

39.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and

who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, or attempt to patronize Gladstone, in light of Defendant's conduct.

40.     Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

41.     Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq.*

42.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

43.     Gladstone is a public accommodation that Defendant owns and operates.

44.     Defendant denied and interfered with Plaintiff's ability to access Gladstone.

45.     Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled from full and equal access to Gladstone. Such acts and omissions are the cause of mental and emotional suffering for Plaintiff.

46.     Plaintiff wishes to return to utilize what Gladstone has to offer but is substantially deterred from returning to Gladstone because the lack of access and the significant policy barriers will foreseeably cause Plaintiff further difficulty, discomfort and embarrassment, and Plaintiff is unable to achieve equal access to and use of these public facilities, so long as such acts and omissions of Defendant continues.

47.     Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney

LAW OFFICE OF
RICK MORIN

fees, litigation expenses and costs.

48.     As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant, Plaintiff has suffered a violation of Plaintiff's civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental, and emotional personal injuries.

49.     Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that Plaintiff was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the facilities on a full and equal basis as other persons.

50.     Plaintiff has been damaged by Defendant's wrongful conduct.

51.     At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of the public facilities were, are, and will be disabled persons, and would have need of facilities that complied with California Title 24 and ADA Standards for Accessible Design standards for accessible facilities.

52.     Despite this knowledge, Defendant installed and maintained the policy barriers complained of, have failed to remove these unlawful policies, and have failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.

53.     Plaintiff believes Defendant has ignored complaints about the lack of proper disabled access by other disabled persons.

54.     Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize Gladstone and encounter illegal policy barriers which deny them full and equal access when they do so.

55.     At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at Gladstone violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. Plaintiff

alleges that an award of statutory treble damages is appropriate.

56.     Defendant's conduct also violated the ADA.

57.     Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Defendant's behavior was intentional. Plaintiff believes Defendant was aware and/or were made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. Defendant's establishment of their discriminatory policy denying access to disabled persons to safely have full and equal access to Gladstone, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights.

58.     Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

59.     Plaintiff suffered damages as described as a result of Defendant's violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about returning to Gladstone. Plaintiff seeks the relief that is afforded by Civil Code sections 54, 54.1, 54.3, and 55, including treble damages.

**THIRD CAUSE OF ACTION**

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

60.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

61.     Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to Gladstone.

62.     The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

63.     Defendant's acts and omissions as specified with regard to the discriminatory treatment

of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

64. Plaintiff was harmed.

65. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

66. Defendant's conduct also violated the ADA.

67. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

68. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages and at least a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54.3, and 55, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: October 3, 2022                          Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff